UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARCELO A. COSMA,

    *Petitioner*,

  v.

JOHN A. POWELL,

    *Respondent*.

Civil Action No.
21-579(MEF)

<u>OPINION</u>

<u>SEALED</u>

The Petitioner claims he should be released from state prison because his conviction and sentence were imposed in violation of federal law.

The Petition is denied.

I. **Procedural History**

Following a May 14, 2018 guilty plea, the Petitioner was convicted of second-degree aggravated assault in the Superior Court of New Jersey, Essex County. <u>See</u> Plea Form at 8-12; Judgment of Conviction at 5-7. He was sentenced to 9 years in prison. <u>See</u> Judgment of Conviction at 5.

This case was initiated on January 12, 2021, with the filing of a Petition for Writ of Habeas Corpus.

On May 24, 2023, the case was reassigned to the undersigned.

II. **The Petition**

The Petition presses two arguments.[1]

_____

[1] It appears the Petition was not prepared with help from a lawyer. The Petitioner, though, has in the past worked as a lawyer. <u>See</u> October 22, 2019, Appellate Sentencing Oral Argument Transcript at 3:24-25. In this circumstance, the Petition might be "read generously," <u>Rainey</u> v. <u>Varner</u>, 603 F.3d 189, 198 (3d Cir. 2010), as is typical when parties to a case are not represented by a

First, the Petitioner's guilty plea lacked a sufficient factual basis --- and this violated the federal Constitution's prohibition on depriving a person of liberty without "due process." <u>See</u> Petition at 22-23.[2]

Second, the Petitioner's sentence was too long, and therefore violated the federal Constitution's prohibition on "cruel and unusual punishment." <u>See</u> <u>id</u>.

Each argument is taken up in turn below.

## III. <u>Guilty Plea</u>

The Petitioner first argues that "the factual basis presented . . . before the [New Jersey court] failed to establish the statutory requirements for [his] guilty plea and conviction[.]" <u>See</u> <u>id</u>. at 22. This, the Petitioner contends, violated due process, and means his conviction must be vacated. <u>See</u> <u>id</u>.

### A.    <u>Exhaustion</u>

In a habeas corpus case such as this one, a federal claim may generally be pressed only if the petitioner "'fairly presented' his federal claim to the state courts." <u>Wilkerson</u> v. <u>Superintendent Fayette SCI</u>, 871 F.3d 221, 227 (3d Cir. 2017) (citing <u>McCandless</u> v. <u>Vaughn</u>, 172 F.3d 255, 261 (3d Cir. 1999)); <u>McLaughlin</u> v. <u>Shannon</u>, 454 F. App'x 83, 86 (3d Cir. 2011); <u>Leyva</u> v. <u>Williams</u>, 504 F.3d 357, 365 (3d Cir. 2007); <u>Stevens</u> v. <u>Delaware Corr. Ctr.</u>, 295 F.3d 361, 369 (3d Cir. 2002); <u>see also</u> 28 U.S.C. § 2254(b)(1)(A) (stating that a petitioner must "ha[ve] exhausted the remedies available in the courts of the State"); 28 U.S.C. §

---

lawyer. Or a "generous[]" reading may not make sense, because of the Petitioner's own legal background. <u>Compare</u> <u>Marin</u> v. <u>Pittsburgh Trib. Rev.</u>, 703 F. App'x 59, 61 (3d Cir. 2017) (noting that litigant "used to be a practicing attorney," but determining to apply "rule of liberal construction"), <u>with</u> <u>Doe 1438</u> v. <u>Pennsylvania State Univ.</u>, 2023 WL 3409037, at *1 n.1 (3d Cir. May 12, 2023) ("<u>pro</u> <u>se</u> litigants with formal legal training . . . are not [generally] afforded liberal construction"). Here, it makes no bottom-line difference whether the Petition is or is not given a "liberal construction." This is because even if it is "read generously," as the Court opts to do, the Petition must be denied.

[2] The Petition was filed under 28 U.S.C. § 2254. Under § 2254(a), a petitioner may seek relief when "he is in custody in violation of the Constitution . . . of the United States."

2254(c) (stating that a claim will be deemed unexhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," but has failed to do so).

To fairly present a claim, a petitioner must have "presented a federal claim's factual and legal substance to the state courts in a manner that put the state courts on notice that a federal claim was being asserted." Wilkerson, 871 F.3d at 227 (citing McCandless, 172 F.3d at 261) (cleaned up).

Generally, a petitioner may "fairly present" his federal claim in four ways: "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." Id. (quoting McCandless, 172 F.3d at 261-62).

Here, the Petitioner's claims were not "fairly presented."

First, the Petitioner never suggested in any state court proceeding that his conviction was imposed in violation of the Constitution's due process guarantee. See October 22, 2019, Appellate Oral Argument Transcript at 1-8; Petition for Certification at 1-3. He did not: raise a federal or state Due Process claim; mention the federal or state Due Process Clause; or refer to any cases that themselves construed the federal or state Due Process guarantees. See October 22, 2019, Appellate Oral Argument Transcript at 1-8; Petition for Certification at 1-3. Moreover, the Petitioner did not make any arguments that even implicitly "call to mind" Due Process, or that are in the "mainstream" of Due Process litigation. Wilkerson, 871 F.3d at 227 (quoting McCandless, 172 F.3d at 261-62). Any of this might have been enough. See id.; see also Baldwin v. Reese, 541 U.S. 27, 33 (2004); Robinson v. Superintendent, SCI Somerset, 722 F. App'x 309, 313 (3d Cir. 2018); Tome v. Stickman, 167 F. App'x 320, 323-25 (3d Cir. 2006). But none of it was done.

Second, the Petitioner never argued before the state courts that his conviction should be undone --- on due process grounds, or, for that matter, on any other grounds. See October 22, 2019, Appellate Oral Argument Transcript at 1-8; Petition for

Certification at 1-3.[3]

In particular:

In the state trial court, the Petitioner did not seek to withdraw or vacate his guilty plea.

In the state appellate court, the Petitioner again did not argue that his conviction should be undone.  See October 22, 2019, Appellate Oral Argument Transcript at 1-8.  Indeed, the Petitioner filed no written appellate brief because of New Jersey Court Rule 2:9-11, which states that in cases "in which the only issue on appeal is whether the court imposed a proper sentence, briefs shall not be filed . . . and the matter shall be placed on a sentencing calendar for consideration by the court following oral argument." Id. (emphasis added).  The state appellate court's affirmance order described the Petitioner's claims as "related solely to the length of the sentence."  Appellate Division Order at 1.  And this was plainly accurate.

After the appellate court affirmance, the Petitioner sought certification to the New Jersey Supreme Court, and argued that the injuries sustained by the victim did not rise to the level of the charged second-degree aggravated assault.  See Petition for Certification at 1-3.  But even this argument was not made in support of a contention that the Petitioner's guilty plea be vacated.  See id.  Rather, it was made solely in support of the argument that his sentence be reconsidered.  See id.

In short: the Petitioner must exhaust his state court remedies, see Wilkerson, 871 F.3d at 227-28, but he has not done so as to the claim that his guilty plea lacked a sufficient "factual basis."

## B.    Merits

"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

Accordingly, the Court now considers the merits of the Petitioner's

---

[3] See generally Desrosiers v. Phillips, 2008 WL 4469594, at *5 (E.D.N.Y. Oct. 3, 2008) (petitioner failed to exhaust guilty plea claim in part because he did not move to withdraw or vacate his plea); Martinez v. Zon, 2008 WL 907368, at *3 (W.D.N.Y. Mar. 31, 2008) (same).

Due Process claim.

The claim lacks merit. This is because the Due Process Clause does not require "a factual basis supporting a guilty plea before the entry of the plea, and the failure of a state court to elicit a factual basis before accepting a guilty plea does not in itself provide a ground for habeas corpus relief under 28 U.S.C. § 2254." Meyers v. Gillis, 93 F.3d 1147, 1151 (3d Cir. 1996); see also Morales v. Att'y Gen. New Jersey, 2022 WL 18430458, at *1 (3d Cir. Dec. 27, 2022); United States v. Sanchez, 41 F. App'x 588, 590 (3d Cir. 2002); Bass v. Att'y Gen. of New Jersey, 2018 WL 2095602, at *3-4 (D.N.J. May 7, 2018); Posada v. Warren, 2016 WL 6434092, at *9 (D.N.J. Oct. 28, 2016).

And even if federal law required an adequate factual basis for a guilty plea, there was one here.

The Petitioner pled guilty to second-degree aggravated assault, in violation of New Jersey law. See Judgment of Conviction at 5. A person is guilty of second-degree aggravated assault if he "[a]ttempts to cause serious bodily injury to another, . . . purposely or knowingly or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury[.]" N.J. Stat. 2C:12-1(b)(1).

At his guilty plea proceeding, that is what the Petitioner admitted. He stated under oath that he hit the victim in the back of the head with a hammer, and that in doing so he intended to cause the victim serious bodily injury.[4]

Whether or not the victim actually suffered a "serious bodily injury," that is what the Petitioner admitted he attempted and intended. See March 19, 2018, Plea Transcript at 16:2-6. And that is enough. See N.J. Stat. 2C:12-1(b)(1) (A person is guilty of second-degree aggravated assault if he "[a]ttempts to cause serious bodily injury to another, . . . purposely or knowingly or

---

[4] See March 19, 2018 Plea Transcript at 13:21 to 14:12 (the Petitioner answering in the affirmative to each of the following questions: [1] "did you take a hammer . . . and strike [the victim] in the back of the head?", [2] "did you do that either in an attempt to cause or purposely caus[e] . . . serious bodily injury to [the victim] with a deadly weapon?", [3] "as a result [the victim] was injured?", and [4] the victim "subsequently went to the hospital?"); see also id. at 16:2-5 (answering "yes" in response to "was [it] your intent to cause serious bodily injury by striking [the victim] to the back of [the victim's] head[?]").

under circumstances manifesting extreme indifference to the value
of human life recklessly causes such injury[.]"); see also, e.g.,
State v. Beeput, 2012 WL 5896549, at *3 (N.J. Super. Ct. App. Div.
Nov. 26, 2012) ("Actual serious bodily injury need not occur.")
(citing State v. Green, 724 A.2d 254, 259-60 (N.J. Super. Ct. App.
Div. 1999)).

In sum: the Petitioner's Due Process claim fails, and it is denied
on the merits. See generally 28 U.S.C. § 2254(b)(2) ("An
application for a writ of habeas corpus may be denied on the
merits, notwithstanding the failure of the applicant to exhaust
the remedies available in the courts of the State.").

## IV.    Sentence

The Petitioner also argues his sentence was imposed in violation
of the Eighth Amendment to the United States Constitution. See
Petition at 22-23. The Eighth Amendment forbids sentences that
are "cruel and unusual[.]" U.S. Const. amend. VIII; see generally
Glossip v. Gross, 576 U.S. 863, 876 (2015) (Eighth Amendment
applies to the states).

### A.    Exhaustion

The legal principles as to exhaustion that were discussed above,
at Part III.A., are relevant here.

The Petitioner challenged the length of his sentence before various
state courts. See October 22, 2019, Appellate Oral Argument
Transcript at 1-8; Petition for Certification at 1-3.

But while sentencing was discussed extensively before these
courts, no explicit or implicit arguments from the Eighth Amendment
were made at any point. Nor were arguments made from analogous
provisions of the New Jersey constitution. Nothing was said about
"cruel and unusual" punishment, directly or indirectly. And no
case that analyzes it was brought to the courts' attention.

In short, there would have been no reason for the state courts to
think that, without saying so, the Petitioner was actually making
an argument about the federal Constitution. See generally
Wilkerson, 871 F.3d at 227 ("To fairly present a claim, a
petitioner must have presented a federal claim's factual and legal
substance to the state courts in a manner that put the state courts
on notice that a federal claim was being asserted.") (cleaned up).

Instead of arguing from the federal Constitution, the Petitioner
focused on mitigating circumstances, medical opinions, his

criminal history, letters from friends and colleagues who wrote
the court, the impact of an extended sentence on third parties,
and an argument from taking-responsibility. See October 22, 2019,
Appellate Oral Argument Transcript at 1-8; Petition for
Certification at 1-3.

This is the everyday back-and-forth of sentencing advocacy in
courts throughout the state (and likely the country). It zeroed
right in on the criminal defendant himself and the particular facts
of the case. It could not in "fair[ness]," Wilkerson, 871 F.3d at
227, have been understood by the state courts as somehow amounting
to an implicit invocation of the federal Constitution.[5]

To be sure, some of the Petitioner's sentencing arguments almost
necessarily ran through questions --- what was the nature of the
crime? --- that are also relevant to an Eighth Amendment challenge
to a sentence.

But that is not enough, standing alone, to "put the state courts
on notice," Wilkerson, 871 F.3d at 227, of an Eighth Amendment
claim. The habeas statute envisions that state courts will get
the first crack at deciding federal law issues. See 28 U.S.C. §§
2254(b)(1)(A), 2254(c). But there is no way for a court to make
a decision on an issue that it cannot know is there.[6] And as to

---

[5] See, e.g., McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997);
see also Santiago v. Shanley, 2023 WL 3321665, at *3 (E.D.N.Y. May
8, 2023); McCray v. Horton, 2021 WL 4483073, at *18 (W.D. Mich.
Aug. 24, 2021), report and recommendation adopted, 2021 WL 4476987
(Sept. 30, 2021); Hawk v. Shinn, 2021 WL 3501665, at *4 (D. Ariz.
June 28, 2021), report and recommendation adopted, 2021 WL 3491950
(Aug. 9, 2021); Darnell v. Vannoy, 2021 WL 4048593, at *5 (W.D.
La. June 22, 2021), report and recommendation adopted, 2021 WL
4035007 (Sept. 3, 2021); Salinas v. Vashaw, 2020 WL 1283602, at *3
(W.D. Mich. Mar. 18, 2020); Jorge v. Jones, 2018 WL 10788538, at
*17-18 (S.D. Fla. Oct. 22, 2018), report and recommendation
adopted, 2018 WL 10788536 (Dec. 19, 2018); Ricks v. Thomas, 2017
WL 2215280, at *5 (M.D. Pa. May 19, 2017); Allison v. Khahaifa,
2011 WL 3298876, at *17 (E.D.N.Y. Aug. 1, 2011); McClelland v.
Kirkpatrick, 778 F. Supp. 2d 316, 337-38 (W.D.N.Y. 2011); Stevenson
v. Bobby, 2008 WL 4619757, at *2 (N.D. Ohio Oct. 16, 2008); Hall
v. McKee, 2008 WL 718140, at *30 (W.D. Mich. Mar. 14, 2008); Rainey
v. Diguglielmo, 2006 WL 2588747, at *13 n.2 (E.D. Pa. Sept. 7,
2006).

[6] Cf. Webster v. Fall, 266 U.S. 507, 511 (1925) ("It is universally
recognized that questions which merely lurk in the record, neither
brought to the attention of the court nor ruled upon, are not to

bread-and-butter sentencing arguments about the nature of the
offense or the sentences of others --- these arguments, standing
alone, do not generally suggest that without anyone saying so an
Eighth Amendment "cruel and unusual" claim is actually being made.[7]

In sum: the Petitioner must exhaust his state court remedies, see
Wilkerson, 871 F.3d at 227-28, but he has not done so as to the
claim that his sentence was too long and therefore violated the
Eighth Amendment.

## B.    Merits

"An application for a writ of habeas corpus may be denied on the
merits, notwithstanding the failure of the applicant to exhaust
the remedies available in the courts of the State."   28 U.S.C. §
2254(b)(2).

Accordingly, the Court now turns to the merits of the Petitioner's
Eighth Amendment claim.

A sentence is imposed in violation of the Eighth Amendment if it
is "grossly disproportionate" to the crime of conviction.  Lockyer
v. Andrade, 538 U.S. 63, 72-73 (2003); Ewing v. California, 538
U.S. 11, 20-21 (2003).

To determine whether a sentence is "grossly disproportionate,"
this Court considers "the gravity of the offense and the harshness
of the penalty[.]"  Id. (quoting Solem v. Helm, 463 U.S. 277, 292
(1983)).  If a petitioner "fails to demonstrate a gross imbalance
between the crime and the sentence, a court's analysis of an Eighth
Amendment challenge is at an end." United States v. Burnett, 773
F.3d 122, 137 (3d Cir. 2014) (citing Ewing, 538 U.S. at 21).

In undertaking this inquiry, there are three frequently-invoked
touchstones.

First, what was the nature of the crime?  Id.; see also United
States v. Tiller, 858 F. App'x 523, 525 (3d Cir. 2021); United
States v. Church, 838 F. App'x 695, 699 (3d Cir. 2021); Gov't of
Virgin Islands v. Garcia, 232 F. App'x 167, 170 (3d Cir. 2007);
United States v. Sotelo, 707 F. App'x 77, 91 (3d Cir. 2017); Murray
v. Warden Lewisburg USP, 634 F. App'x 381, 382 (3d Cir. 2016);

---

be considered as having been so decided as to constitute
precedents.") (cleaned up)

[7] See cases cited at footnote 5.

United States v. MacEwan, 445 F.3d 237, 248 (3d Cir. 2006).

Second, was the sentence within the statutory maximum? See United States v. Miknevich, 638 F.3d 178, 186 (3d Cir. 2011) ("Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment."); see also, Tiller, 858 F. App'x at 525; United States v. Henderson, 826 F. App'x 251, 253 (3d Cir. 2020); Burnett, 773 F.3d at 136-37; Martinez v. Stridiron, 538 F. App'x 184, 191 (3d Cir. 2013; United States v. Strausbaugh, 534 F. App'x 178, 184 (3d Cir. 2013); Gov't of Virgin Islands v. Garcia, 232 F. App'x 167, 170 (3d Cir. 2007).

Third, how does the crime and sentence under review compare to others? See Murray, 634 F. App'x at 382; Martinez, 538 F. App'x at 191; United States v. Brinkley, 524 F. App'x 817, 821 (3d Cir. 2013); United States v. Morrow, 432 F. App'x 52, 54 (3d Cir. 2011); United States v. Walker, 473 F.3d 71, 83 (3d Cir. 2007); MacEwan, 445 F.3d at 248-49.

As to the first of these three inquiries: the state court judge who took the Petitioner's guilty plea, see March 19, 2018, Plea Transcript at 1-20, and reviewed a large body of presentence materials beyond the plea allocution, see May 8, 2018, Sentencing Transcript at 14:17 to 16:5, described the offense as having been committed "in a particularly cruel and heinous fashion." Id. at 17:6-17.

> You struck [the victim] . . . in the back of the head while [the victim was lying down] with a hammer. And then after that, wrestled [the victim] to the floor, and [you] w[ere] attempting to, it appears, smother [the victim], in essence to finish the job. But for the fact that [a third person] didn't come upon the scene and call 911, you could be standing in front of this Court for murder.

Id.

The second of the three inquiries is whether the sentence imposed was below the statutory maximum. It was. The Petitioner received a nine-year sentence, and the statutory maximum is ten years. See N.J. Stat. § 2C:12-1B(1), 2C:43-6(a)(2); see generally Miknevich, 638 F.3d at 186 ("Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.").

As to the third and final inquiry: looking to fairly comparable cases, it appears the nine-year sentence imposed on the Petitioner was not out of line. See, e.g., State v. Auxer, 2022 WL 16732381,

at *1 (N.J. Super. Ct. App. Div. Nov. 7, 2022) (punched and beat victim, 8 years); State v. White, 2020 WL 506757, at *1 (N.J. Super. Ct. App. Div. Jan. 31, 2020) (repeatedly punched victim, 10 years); State v. Corvil, 2019 WL 3484271, at *8 (N.J. Super. Ct. App. Div. Aug. 1, 2019) (struck the victim on the back of the head with a gun, 8 years); State v. Pendleton, 2013 WL 764682, at *5 (N.J. Super. Ct. App. Div. Mar. 1, 2013) (punched and then stabbed victim with scissors, 8 years); see also, e.g., Barb v. Clipper, 2012 WL 2396134, at *16 (N.D. Ohio June 4, 2012) (struck victim in the head with a hammer, 8 years: federal habeas court denies Eighth Amendment claim), report and recommendation adopted, 2012 WL 2393689 (June 25, 2012); Hefner v. Henry, 2008 WL 4183909, at *10 (E.D. Cal. Sept. 9, 2008) (struck victim in the forehead with the butt of a rifle, 10 years: same result); Lewis v. Misskelly, No. 05-80, 2006 WL 2927550, at *4 (N.D. Miss. May 16, 2006) (struck and kicked victim, 15 years: same result); see also Tyson v. Hayman, 2011 WL 462743, at *8 (D.N.J. Feb. 3, 2011) (struck victim, twisted her leg, 20 years:  same result).

In sum, the Petitioner's Eighth Amendment claim fails, and it is denied on the merits.  See generally 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

*    *    *

The Petition is denied.

Pursuant to 28 U.S.C. § 2253(c), an appeal may not be taken here unless a certificate of appealability issues.  A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims[.]"  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, the standard is not met.  The Court will therefore not issue a certificate of appealability.

DATE: July 20, 2023

Michael E. Farbiarz, U.S.D.J.